UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-23302-CIV-COOKE/TURNOFF

MEDITERRANEAN VILLAS
CONDOMINIUM ASSOCIATION, INC.,

vs.

THE MOORS MASTER MAINTENANCE
ASSOCIATION, INC., and
BROUGH, CHADROW & LEVINE, P.A.

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, MEDITERRANEAN VILLAS CONDOMINIUM ASSOCIATION, INC., ("hereinafter "Villas") pursuant to this Court's September 19, 2011 Order (DE 5), files this its Statement of Claim and states as follows:

1. THE MOORS MASTER MAINTENANCE ASSOCIATION, INC. (hereinafter "Moors") is a homeowners/master association and a Florida corporation, not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes.

2. At all times material hereto, Moors has been the overall Association or "Master Association" defined in and responsible for the duties and obligations set forth in its Master Covenants. The Villas Condominium property is part of the property subject to governance by Moors' Master Covenants.

3. Pursuant to Chapter 720, Florida Statutes, and its Declaration of Covenants, Moors is empowered to make and collect assessments for common expenses against the individual unit owners residing within Villas.

4. However, despite Moors ability to collect assessments from unit owners residing in

Villas, due to the property classification of the Villas Condominium in Moors' Master Covenants, Moors is **specifically limited** in the amounts that it may charge Villa's unit owners for their monthly maintenance fees.

5.  Upon information and belief, for over a year, Moors has improperly charged Villas owners, far more than the allotted amount of maintenance payments permitted in its Declaration of Covenants.

6.  By way of example, Moors assessed owners of the Condominium Property governed by Villas less than $28,000 in the 2006 calendar year, with little to no increase for the next few years. Moors assessed the owners of Condominium Property governed by Villas just less than $30,000 in the 2009 calendar year.  These amounts remained relatively consistent until the 2011 calendar year, when Moors assessed the owners of the Condominium Property governed by Villas $212.735.63 – which is more than a 700% increase in rate.

7.  When several owners refused to pay these improper fees, Moors placed liens upon the individual owner's units, despite the fact that Moors never had the right and/or authority to file individual foreclosure actions to foreclosure on individual liens against individual Villas owners. The only remedy Moors had, pursuant to its governing documents, was to file a "blanket" claim of lien against the entire Villas property as a whole.

8.  As specifically detailed in Count I of the Complaint, Moors and its attorneys have systematically violated the Fair Debt Collection Practices Act by collecting, and attempting to collect, monies from Villas owners, in excess of what was authorized under its Master Declaration. Specific violations include but are not limited to:

>   a.  Violations of 15 U.S.C. §1692e(5) and (10) by misrepresenting the imminence of legal action by Moors and by placing improper liens against various Villas owners units.

      b.      Violations of 15 U.S.C. §1692e(2)(A) by falsely representing the amount of money that was actually owed to the Moors in various demand letters and liens issued to Villas owners.

9.      These violations also encompass numerous demand letters, estoppel letters, and pay-off letters sent by Moors and its attorneys to various owners within Villas Condominium which continually reflected improper amounts in which Defendants claimed as due and owing.

10.      Villas is requesting that a judgment be entered against Moors and its attorneys in the amount of all Villas owners actual damages and statutory damages pursuant to 15 U.S.C. §1692k, and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

11.      Attached as composite Exhibit "A" are several demand letters issued by Moors' counsel seeking to collect improperly assessed maintenance fees from various Villas' owners.

Respectfully submitted this 10 day of October, 2011.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent by U.S. Mail this 10 day of October 2011, to: Michael S. Chadrow Esq., Brough, Chadrow & Levine, P.A., 1900 North Commerce Parkway, Weston, Florida 33326.

Becker & Poliakoff, P.A.
Attorneys for Plaintiff
Alhambra Towers
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433
(305) 442-2232 Fax

BY: _____
David H. Rogel, Esq.
Florida Bar # 325783

Adam Cervera, Esq.
Florida Bar # 81679

ACTIVE: M16902/327032:3513859_1

3
LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433