UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23302-Civ-COOKE/TURNOFF

MEDITERRANEAN VILLAS
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff
vs.

THE MOORS MASTER MAINTENANCE
ASSOCIATION, INC., *et al.*,

    Defendants.
_____/

**OMNIBUS ORDER GRANTING
DEFENDANTS' MOTIONS TO DISMISS COMPLAINT**

THIS MATTER is before me on Defendant The Moors Master Maintenance Association, Inc.'s Motion to Dismiss Complaint (ECF No. 17) and Defendant Brough, Chadrow & Levine, P.A.'s Motion to Dismiss Complaint (ECF No. 9). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' motions are granted.

**I. BACKGROUND**

The following facts are taken from the Plaintiff's Complaint. Plaintiff, Mediterranean Villas Condominium Association, Inc. ("Villas"), is a condominium sub-association that operates the Mediterranean Villas Condominium (the "condominium"). The condominium consists of 252 units, which share certain common areas. Defendant The Moors Master Maintenance Association, Inc. ("Moors") is a homeowners association. Moors is Villas' master association. Moors is responsible for the duties and obligations set forth in the Master Covenants, which

governs the condominium. Defendant Brough, Chadrow & Levine, P.A. is a law firm.

A 1989 amendment to the Master Covenants establishes the method by which Moors must assess maintenance payments on the owners of the condominium. In October 2010, Moors announced a change in the way it would levy assessments against the owners of the condominium. Villas alleges that the change greatly increased the amount assessed against the condominium's owners, and the increase is improper and violates the Master Covenants, as amended.

Certain of the condominium unit owners refused to pay the increased assessments. As a result, Moors employed the law firm of Brough, Chadrow & Levine, P.A. ("Brough") to represent it in its collection efforts against the unit owners for nonpayment of the increased maintenance assessments. In connection with these efforts, Brough issued demand letters to individual unit owners on Moors' behalf. According to the Villas' Complaint, Brough has filed a total of 86 liens and 36 foreclosure lawsuits on Moors' behalf in connection with the nonpayment of assessments. Given these numbers, it appears that over half of the total unit owners paid the increased assessments.

On September 13, 2011, Villas filed a Complaint against Moors and Brough "in its own right and as lawful and adequate representative of all unit owners." The Complaint bases Villas' ability to sue as a representative of the unit owners on Rule 1.221 of the Florida Rules of Civil Procedure.[1] Villas alleges that the increased assessments are improper and that the demand letters, liens, and foreclosure lawsuits reflect those improper amounts. Villas further alleges that

---

[1] Rule 1.221 of the Florida Rules of Civil Procedure provides that, in certain circumstances, a condominium may bring a class action on behalf of its members without pleading or proving the requirements of Florida's general class action rule. *See Trintec Constr., Inc. v. Countryside Vill. Condo. Ass'n, Inc.*, 992 So. 2d 277, 280–81 (Fla. Dist. Ct. App. 2008).

those unit owners who have made payments have overpaid.  The Complaint asserts causes of action against Moors for breach of declaration, slander of title, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and an equitable claim for an accounting.  The Complaint asserts causes of action against Brough for FDUPTA violations, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2006) ("FDCPA"), and for an accounting.  The FDCPA claim is the only claim in the Complaint based on federal law.  The parties are not diverse.

Brough and Moors filed separate motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  Both defendants argue that Villas does not have standing and fails to sufficiently allege that it is a proper class representative.  Brough also argues that Villas fails to state sufficient facts to support its FDCPA claim.

## II.  LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be either a "facial attack" or a "factual attack."  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction using material extrinsic from the pleadings.  *See id.*  Where, as here, the attack is facial, the court must accept the allegations of a complaint as true, much like when reviewing a Fed. R. Civ. P. 12(b)(6) motion.  *Id.*  Standing is jurisdictional and a dismissal for lack of standing

has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A dismissal for lack of subject matter jurisdiction should be dismissed without prejudice because it is not a judgment on the merits. *Id.*

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true, however mere conclusory statements "are not entitled to the assumption of truth." *See Iqbal*, 129 S. Ct. at 1949–50. The factual allegations alone must state a facially plausible entitlement to relief. *Id.* The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

**A. Standing**

To establish standing to bring a suit in federal court, a plaintiff must show: (1) an injury in fact; (2) causation; and (3) redressability. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009). An association has standing to bring a suit as the representative of its members (commonly referred to as "associational standing") if it shows that:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* at 1178 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)); *see also Warth v. Seldin*, 422 U.S. 490, 511 (1975) (an association may have standing in the absence of injury to itself so long as a member has standing "and so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause").

Villas has only alleged injury to the individual unit owners, not the association itself. For example, Villas states that due to "violations of the Federal Fair Debt Collections Practices Act, Brough is liable to *Villas owners*." (Compl. ¶ 37, ECF No. 1) (emphasis added). Similarly, the state law claims all allege that "Villas owners," not Villas itself, have suffered damages. (Compl. ¶¶ 44, 53, 60). Because it has not alleged that it has suffered any injury, Villas can rely only on associational standing to bring its suit. *See Warth*, 422 U.S. at 511.

Villas fails to establish that it can bring this suit without the participation of its individual members. Villas' Complaint makes clear that its individual members' claims will vary based on their differing circumstances. Of among the 252 unit holders, Brough has filed 86 liens and 36 foreclosure lawsuits. (Compl. ¶¶ 5, 29, 30). Some unit owners have paid the increased assessments while others have refused to pay. (Compl. ¶¶ 27, 31). Villas' FDCPA claim is based on Brough's collection efforts, which would apply only to those unit holders who refused to pay the fees. Because each unit owners' circumstances are different, the participation of Villas' individual members is required to properly resolve the individualized claims. *C.f. Ga. Cemetery Ass'n, Inc. v. Cox*, 353 F.3d 1319, 1322 (11th Cir. 2003) (association could not establish it could proceed without the participation of its members "because the economic impact of these provisions will vary depending upon the economic circumstances of each of its members");

5

*Greater Atlanta Home Builders Ass'n, Inc. v. City of Atlanta*, 149 F. App'x 846, 848 (11th Cir. 2005).

**B. Class Representation**

To the extent Villas seeks to represent a class,[2] Villas fails to plead sufficient facts to show that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.[3] Rule 23(a) sets out four requirements for a party to sue as a representative of a class: "numerosity, commonality, typicality, and adequacy of representation." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003); Fed. R. Civ. P. 23(a).

Villas' Complaint does not establish there are questions of fact and law common to the class. Although the purported "class" consists of all unit owners, the Complaint indicates that the unit owners' claims are actually different from each other, as the individual owners suffered different injuries and some may not have been injured at all. The "commonality" requirement, however, "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Villas fails to show that all unit owners suffered the same injury.

---

[2] Villas does not allege that it brings this action as a class representative pursuant to Rule 23. However, Plaintiff's failure to cite Rule 23 or mention the existence of a class may be due to its erroneous belief that it could bring this action in federal court under federal question jurisdiction by relying on state procedural rules.

[3] Villas incorrectly relies on Rule 1.221 of the Florida Rules of Civil Procedure to establish its right to bring this suit in a representative capacity. Villas argues the state rule applies because it does not conflict with the Federal Rules of Civil Procedure. Villas, however, confuses the law of diversity jurisdiction with that of federal question jurisdiction. The inquiry into whether a federal and state rule conflict to determine whether state law should be applied in federal court is a part of an *Eerie* analysis, when a court is sitting in diversity. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257-58 (11th Cir. 2011). Villas has brought this action pursuant to 28 U.S.C. § 1331. Therefore, the Federal Rules of Civil Procedure apply. *See generally Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437-38 (2010).

Further, because Villas does not meet the requirements of associational standing, it fails to meet the typicality element under Rule 23. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1287-88 (11th Cir. 2001) (noting that the standing requirement is a function of Article III as well as the "typicality" requirement of Fed. R. Civ. P. 23(a)).

## C.  FDCPA Claim

Finally, Villas fails to plead sufficient facts to state a claim under the FDCPA—its only federal claim.  The FDCPA prohibits conduct meant to harass or making deceptive representations in collection of a debt.  §§ 1692d and 1692e.  Villas does not allege that the disputed maintenance assessments are "debts" within the meaning of the FDCPA.

The FDCPA defines a "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692(a)(5).  The Complaint does not allege that the maintenance assessments were for personal, family, or household purposes.  In fact, the Complaint suggests the opposite, stating that the unit owners "do not benefit from any maintenance, repair or replacement of the property within the gated Moors community, cable television expenses, security services or the like." (Compl. ¶ 21).  Maintenance fees assessments applied to all unit owners for costs of maintenance of common areas are generally not "debts" within the meaning of the FCDPA.  *See Azar v. Hayter*, 874 F. Supp. 1314, 1318–19 (N.D. Fla. 1995).  Therefore, Villas fails to state a claim under the FDCPA because it fails to allege the essential elements of a "debt."

## IV. CONCLUSION

For the reasons explained in this Order, Defendant, The Moors Master Maintenance

Association, Inc.'s Motion to Dismiss Complaint (ECF No. 17) and Defendant, Brough, Chadrow & Levine, P.A.'s Motion to Dismiss Complaint (ECF No. 9) are **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. Plaintiff may file an Amended Complaint within twenty days of the date of this Order. However, this Court is doubtful that Plaintiff will be able to overcome the deficiencies in its Complaint with regard to standing and class representation. Based on the Complaint before me, it appears that Plaintiff's claims would be more appropriately filed in state court.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of March 2012.

_____
MARCIA G. COOKE
United States District Judge